UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE TRUSS,<br><br>        Plaintiff,<br><br>    vs.<br><br>FOSS HOME AND VILLAGE,<br><br>        Defendant. | Case No. C03-2523L<br><br>ORDER DENYING MOTION FOR NEW TRIAL AND/OR TO ALTER AND AMEND JUDGMENT PURSUANT TO FRCP 59 |

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for New Trial and/or to Alter and Amend Judgment Pursuant to FRCP 59 (Dkt. # 39). On January 28, 2005, this Court granted defendant's summary judgment motion (Dkt. # 37, the "Prior Order") and entered judgment in favor of defendant (Dkt. # 38). Plaintiff challenges the Prior Order and entry of judgment on the grounds that 1) the denial of plaintiff's requests for a continuance and to supplement the record resulted in a miscarriage of justice; 2) the Court applied the incorrect summary judgment standard for evaluating employment discrimination cases; and 3) the Court erred in dismissing plaintiff's claim that she was terminated in violation of public policy. As explained below, each of these arguments fails, and the motion is denied.

## II.  DISCUSSION

**A.     Plaintiff's Request for Continuance.**

In her August 16, 2004 opposition to the summary judgment motion, plaintiff requested a continuance to allow her to complete discovery.  Plaintiff claimed that she had noticed several depositions and propounded significant discovery aimed at obtaining the identity of defendant's employees who had been terminated.  According to the Amended Order Setting Trial Dates and Related Dates (Dkt. # 13), discovery was scheduled to be completed by October 6, 2004.  Plaintiff never sought an extension of that discovery deadline.

Oral argument on the summary judgment motion did not occur until January 10, 2005.  Between the filing of her opposition to summary judgment and the oral argument, plaintiff did not move to supplement the summary judgment record with additional evidence or testimony obtained during discovery.  At oral argument, however, plaintiff moved to supplement the record.  The motion was denied during the hearing.

In this current motion, plaintiff asks the Court to reconsider and allow her to supplement the record.  Although plaintiff has brought this motion under Fed. R. Civ. P. 59, this aspect of the motion is more precisely a motion to reconsider.  Motions to reconsider are disfavored and will ordinarily be denied absent a showing of manifest error or new facts or evidence that could not have been brought to the court's attention earlier.  See Local Rule CR 7(h).

Plaintiff has not met the CR 7(h) standard.  The supplemental evidence at issue here includes deposition testimony of two of defendant's employees and plaintiff's counsel's recollection of the deposition testimony of a third employee.  Plaintiff does not claim that the decision to deny the motion to supplement constituted manifest error, but instead, argues that the decision constituted a miscarriage of justice.  No miscarriage of justice occurred here, however.  The testimony of these three employees could have easily been brought to the Court's attention well-before the January hearing.  Indeed, one of the depositions was conducted nearly a month

*before* defendant filed her opposition to the summary judgment motion. The other two depositions occurred either shortly before or shortly after the August 20, 2004 note date for the summary judgment motion. Thus, plaintiff had over four months to supplement the record with this evidence. Plaintiff's counsel was well-aware of the content of these depositions and has provided no justifiable reason for his delay in bringing them to the Court's attention.

Finally, plaintiff appears to justify her failure to move to supplement her opposition by relying on her request under Fed. R. Civ. P. 56(f)[1] to continue the summary judgment motion so that she could complete discovery. By the time of oral argument, however, the 56(f) motion was moot since the parties had finished discovery roughly three months earlier. Moreover, the 56(f) motion did not obviate plaintiff's obligation to submit to the Court in a timely manner the evidence that was in her possession. Plaintiff had all of the deposition testimony she now seeks to add either before or within days after the noting date of the summary judgment motion. Nevertheless, plaintiff chose not to rely on those depositions until four months later. Under the circumstances, plaintiff's motion to reconsider is denied.

**B.     Summary Judgment Standard Applied to Employment Discrimination Cases.**

Plaintiff contends that <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90 (2003), which held that a plaintiff in an employment discrimination case need not provide direct evidence of discrimination in order to be entitled to a mixed-motive jury instruction, modified plaintiff's burden on summary judgment. Plaintiff asserts that she only needs to present circumstantial evidence, rather than direct evidence, that unlawful discrimination more likely motivated

---

[1] Fed. R. Civ. P. 56(f) states:
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits or depositions to be taken or discovery to be had or may make such order as is just.

ORDER DENYING MOTION FOR NEW
TRIAL AND/OR TO ALTER AND AMEND
JUDGMENT PURSUANT TO FRCP 59         -3-

1 defendant.[2]

2 Assuming plaintiff need only provide circumstantial evidence, her discrimination claim
3 does not survive summary judgment under a mixed-motive analysis. A mixed-motive claim
4 would still require plaintiff to show that unlawful discrimination more likely than not played a
5 motivating part in defendant's decision to fire her. See Sischo-Nownejad v. Merced Community
6 College Dist., 934 F.2d 1104, 1110 (9th Cir. 1991). Having reconsidered all of the admissible
7 evidence, and for all of the reasons set forth in the Prior Order, plaintiff fails to show that her
8 race was more likely than not a motive in defendant's decision to fire her.

9 Moreover, even if this Court were to consider the additional evidence contained in the
10 two depositions, and counsel's gloss of the third deposition, the Court's original conclusion
11 regarding summary judgment would stand. The deposition testimony does not include the kind
12 of "specific and substantial" circumstantial evidence necessary to show that defendant's
13 proffered reason for firing plaintiff was pretext or to otherwise challenge the credibility of
14 defendant's motives. Vazquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

15 For instance, plaintiff cites the deposition of Gilbert Diga as supporting her claim that
16 none of the 10 residents or their families were interviewed regarding the allegations of abuse.
17 Plaintiff, however, has misconstrued Mr. Diga's testimony. When asked "how many of the ten
18 residents did Nancy Mohrmon interview," Mr. Diga responds, "Could not recall." See Dkt. #
19 40, Decl. of Darryl Parker ("Parker Decl."), Ex. A, pp. 43-44. This evidence does not suggest
20 either that defendant's reason for firing plaintiff was pretext or that defendant was motivated, at
21 least in part, by the fact that plaintiff is an African-American.

22 Similarly, the testimony of Roswitha Kholer and the purported testimony of Balbina

---

[2] Plaintiff does not challenge this Court's conclusion that the circumstantial evidence provided was insufficient to create a genuine issue of material fact as to whether defendant's proffered reason for firing plaintiff was pretext.

ORDER DENYING MOTION FOR NEW
TRIAL AND/OR TO ALTER AND AMEND
JUDGMENT PURSUANT TO FRCP 59            -4-

1  Jiminez provide scant support for plaintiff's belief that she was singled out because of her race
2  when residents reported missing money and medication. Roswitha Kohler stated that she did not
3  remember whether she was asked about missing money or pills.³  As for Ms. Jiminez, defendant
4  never claimed that she was interviewed about the missing money. See Dkt. # 17, Decl. of Nancy
5  Mohrmon ("Mohrmon Decl."), Ex. 4 at pp. 12-14 (identifying individuals questioned).
6  Assuming that plaintiff's counsel accurately remembers her testimony, it is still not clear how,
7  exactly, Ms. Jiminez's assertion that she was not interviewed about missing medication supports
8  plaintiff's discrimination claim. Defendant has provided, and plaintiff does not directly contest,
9  evidence showing that the investigations into the missing money and pills were fairly extensive,
10 involving interviews of over 10 and over 20 employees, respectively. See Mohrmon Decl. Ex.
11 4-5, pp. 12-26. The testimony of Ms. Kohler and the purported testimony of Ms. Jiminez simply
12 do not lend probative support to plaintiff's claim that she was treated differently because she is
13 African-American.
14        Finally, plaintiff cites Mr. Diga's testimony as showing that white employees were

---

³Ms. Kohler's deposition contains the following colloquy:
Q: Do you recall being questioned about missing money?
A: I don't remember whether that was something that might have been in our cottage or wether that was something that you sort of hear that, oh, in Cottage A somebody is missing whatever, but whether it was misplaced or actually gone or where that might have occurred, I don't remember.
* * * * *
Q: No one asked you about [the missing money]?
A: Not that I remember, but some of it is so long ago and you don't really -- well, I don't remember, no.
Q: That's okay. Do you recall anyone asking you about missing pills?
A: No, I don't remember any missing pills. I mean, sometimes residents are confused and they think they are still getting the orange pill and that has been cancelled by the doctor or something like that, but whether that happened or not, I don't remember the particulars.
Parker Decl. at Ex. B., pp. 19 & 20.

ORDER DENYING MOTION FOR NEW
TRIAL AND/OR TO ALTER AND AMEND
JUDGMENT PURSUANT TO FRCP 59              -5-

1  treated more favorably than plaintiff.  Mr. Diga states that three white nursing assistants who
2  were accused of physically abusing residents were given an opportunity to deny the accusation.
3  Two of the nursing assistants were fired and one was kept on after it was determined that the
4  claims were unfounded.  Evidence that an employer treated similarly situated white employees
5  more favorably would be probative of pretext.  See Vasquez, 349 F.3d at 641.  To be similarly
6  situated, however, employees must "have similar jobs and must display similar conduct."  Id.
7  Plaintiff worked as a resident service associate, not as a nursing assistant.  Plaintiff does not
8  claim that she performed the same or similar functions as the nursing assistants.  More
9  importantly, the only difference between plaintiff and the three nursing assistants appears to be
10 that the nursing assistants were given an opportunity to deny the allegations.  The fact that
11 plaintiff was fired without such an opportunity, whereas two of the three nursing assistants were
12 fired after being given that opportunity, does not raise a genuine issue of material fact regarding
13 either (1) the truth of defendant's proffered nondiscriminatory reasons or (2) whether a
14 discriminatory reason more likely motivated defendant to fire plaintiff.[4]

15 **C.      Public Policy Violation.**

16        Plaintiff's motion for a new trial or amendment of judgment regarding her claim that she
17 was terminated in violation of Washington public policy is denied.  Plaintiff has not presented
18 any additional evidence or identified any manifest error in the Prior Order that warrants
19 reconsideration.  The supplemental evidence that plaintiff wishes the Court to consider has no
20 bearing on the public policy violation claim.  Considering all of the evidence (both direct and
21 circumstantial), plaintiff has failed to raise a genuine issue of material fact regarding her claim

---

[4] Plaintiff argues that defendant's claim that she resigned "reeks of pretext."  Whether or not Ms. Truss resigned is a factual dispute that must be resolved (and was resolved) in her favor at the summary judgment stage.  Nevertheless, plaintiff utterly fails to link this factual dispute to her claim that defendant was motivated, at least in part, by the fact that she is African-American.

1  that she was fired in violation of Washington public policy.

## III.  CONCLUSION

For all of the foregoing reasons, plaintiff's Motion for New Trial and/or to Alter and Amend Judgment Pursuant to FRCP 59 (Dkt. # 39) is DENIED.

DATED this 18th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge